# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Jesse Graybill | : | |
| 9473 Macedonia Rd. | : | |
| Hopewell, Ohio 43746 | : | Civil Action No. 2:17-cv-418 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| Petta Enterprises, LLC | : | **Collective and Class Action Complaint** |
| aka Petta Enterprises of PA, LLC | : | |
| 128 Steubenville Ave. | : | **Jury Demand Endorsed Hereon** |
| Cambridge, Ohio 43725 | : | |
| | : | |
| Defendant. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff Jesse Graybill ("Named Plaintiff Graybill"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendant Petta Enterprises, LLC aka Petta Enterprises of PA, LLC ("Petta," "Defendant Petta," or "Defendant"), hereby states as follows:

### I.  PRELIMINARY STATEMENT

Named Plaintiff Graybill, on behalf of himself and all others similarly situated, brings this collective action pursuant to 29 U.S.C. § 216(b), against Defendant Petta seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and seeking all available relief under the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and, the claims pursuant to O.R.C. 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as

a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## II. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## III. PARTIES

### A. Plaintiff

4. Named Plaintiff Jesse Graybill (hereafter "Named Plaintiff" or "Plaintiff" is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant from July of 2015 until September of 2016.

6. During his employment with Defendant, Named Plaintiff worked in a number of positions for Defendant's environmental cleaning services at oil rigs for Defendant's oil and gas industry customers.

## B. Defendant

7. Defendant Petta Enterprises, LLC aka Petta Enterprises of PA, LLC ("Defendant" or "Defendant Petta"), is a Pennsylvania for-profit limited liability company with its principal place of business in the Southern District of Ohio. Defendant provides environmental and oil rig cleaning and related services for Defendant's oil and gas industry customers.

8. During relevant times, Defendant was Plaintiff's "employer" as that term is defined by the FLSA and the Ohio Acts.

## IV. FACTS

9. During his employment with Defendant, Named Plaintiff worked in multiple manual laborer positions providing environmental and oil rig cleaning and related services for Defendant.

10. When he began working for Defendant in July of 2015, Named Plaintiff started in the entry level position of technician or "tech"[1] working out of Defendant's facility located at 128 Steubenville Ave., Cambridge, Ohio 43725 ("Petta's Cambridge OH Facility").

11. As a tech, Named Plaintiff was responsible for a wide variety of manual labor tasks relating to the oil rig cleaning and related services for Defendant.

---

[1] Upon information and belief, Defendant's position designations have since changed, and Plaintiff's original position is now referred to as an "SSE".

12. In this position, Named Plaintiff regularly worked more than 40 hours per week, but was not paid one and one-half his regular rate for all hours worked over 40 as a result of Defendant's policies.

13. Several months after beginning his employment, Defendant occasionally referred to Named Plaintiff as the "supervisor" for various projects while he continued working as a "tech" other days. Named Plaintiff performed the same manual labor tasks relating to the oil rig cleaning and related services as the techs despite the occasional supervisor designation.

14. Thereafter, Defendant permanently placed Named Plaintiff in the supervisor position until he left his employment with Defendant. Named Plaintiff primarily performed the same manual labor tasks relating to the oil rig cleaning and related services after Defendant permanently placed him in the supervisor position. The supervisor position was an hourly, non-exempt position.

15. At all times relevant herein, Named Plaintiff was an employee of Defendant as defined in the FLSA the Ohio Acts.

16. At all times relevant herein, Named Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

17. Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

18. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

19. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

20. During relevant times, Defendant suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

22. During relevant times, Defendant had knowledge of and acted willfully in regard to their conduct described herein.

23. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate his damages.

## V. COLLECTIVE AND CLASS ALLEGATIONS

24. Named Plaintiff brings this FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class (the "216(b) Class"). The 216(b) class consists of two subclasses:

> (1) All current and former technicians or "techs", SSE's, Tier 1-Techs, Tier 2-Techs and any other hourly, non-exempt workers of Defendant working out of Petta's Cambridge OH Facility who primarily performed environmental and oil rig cleaning and related services who during the previous three (3) years worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 (the "Technician Subclass").
>
> (2) All current and former supervisors, and any other hourly, non-exempt workers of Defendant working out of Petta's Cambridge OH Facility who primarily performed environmental and oil rig cleaning and related services who during the previous three (3) years worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 (the "Supervisor Subclass") (Collectively, the Technician Subclass and Supervisor Subclass will be referred to as the "216(b) Class Members").

### A. Uncompensated Pre-Trip Work.

25. During some or all of the last three years, the Named Plaintiff and the putative 216(b) Class Members were subject to the same policies whereby Defendant refused and/or failed to pay them for all time spent performing pre-trip work each day at Petta's Cambridge OH Facility before they started traveling to their worksite(s) for the day.

26. Named Plaintiff and the putative 216(b) Class Members first traveled in their personal vehicles to Petta's Cambridge OH Facility. The time they were required to report to Petta's Cambridge OH Facility each day varied as they were considered "on call" at all times. Defendant typically informed Named Plaintiff and the putative 216(b) Class Members of their next shift's required report time by calling them approximately one (1) hour before they were to report to Petta's Cambridge OH Facility for work. Other times Defendant called Named Plaintiff

and the putative 216(b) Class Members the day before their upcoming shift to provide the report time.

27. After arriving at Petta's Cambridge OH Facility at or before their required report time, but before Defendant considered them "on the clock", Named Plaintiff and the putative 216(b) Class Members began their workday by completing a wide-variety of tasks and preparations for that day's work. However, Defendant failed to account for this time worked and failed to compensate Named Plaintiff and the putative 216(b) Class Members for all hours worked.

28. This uncompensated pre-trip work included, but was not limited to, tasks such as: (1) checking and fueling trucks and fuel pods; (2) inspecting the trucks by checking oil, transmission fluid, windshield wipers, turn signals, headlights, tire pressure, and related pre-trip vehicle inspection points and completing the pre-trip inspection checklist; (3) inspecting work equipment and trailers and completing the equipment inspection checklist; (4) taking inventory of all supplies and materials needed for the day's work; (5) gathering all necessary supplies and safety equipment from Defendant's shop and storage areas; (6) reviewing the completed pre-trip inspection checklist(s) with an employee from Defendant's dispatch; and (7) ensuring all required paperwork for the day's job was prepared, including work orders and confined space plans.

29. During some or all of the last three years, Defendant did not compensate Plaintiff and the putative members of the Technician Subclass for any time spent at on their pre-trip work at Petta's Cambridge OH Facility.[2]

30. During some or all of the last three years, Defendant did not compensate Plaintiff and the putative members of the Supervisor Subclass for all of the time they spent on pre-trip work at Petta's Cambridge OH Facility.[3]

31. After completing all pre-trip work, Named Plaintiff and the putative 216(b) Class Members then started traveling to their worksite(s) for that day in Defendant's trucks and were considered "on the clock" as soon as this travel began.

### B. Uncompensated Post-Trip Work

32. The Named Plaintiff and putative 216(b) Class Members were additionally subject to the same policies whereby Defendant refused and/or failed to pay them for all time spent performing post-trip work after returning to Petta's Cambridge OH Facility from their worksite(s) and completing additional tasks before leaving each day.

33. This additional uncompensated work included, but was not limited to, time spent: (1) cleaning all trucks and trailers; (2) re-fueling trucks, power washers and equipment requiring diesel fuel; (3) re-inspecting equipment, vehicles and trailers and completing the post-trip inspection checklist; (4) performing a post-trip vehicle / trailer inspection walk-through with a dispatch employee; (5) reviewing and

---

[2] Upon information and belief, at some point in late 2016 or early 2017, Defendant changed its policies in an effort to begin compensating its employees for some of the uncompensated pre-trip and post-trip. Upon information and belief, Defendant began paying putative members of the Supervisor Subclass a total of one (1) hour each workday to account for both pre-trip and post-trip work performed, and started paying members of the Technician Subclass a total of a half (.5) hour each workday for all such work.

[3] See Footnote 2.

discussing the day's work with the dispatch employee; (6) removing and storing all safety equipment; and (7) completing and turning in all required paperwork for the day's job(s).

34. Defendant considered these employees "off the clock" and did not pay them for any time spent performing all post-trip work once they arrived back to Petta's Cambridge OH Facility each workday, even though they continued working for the benefit of Defendant by completing their post-trip responsibilities.

35. During some or all of the last three years, Defendant did not compensate Plaintiff and the putative members of the Technician Subclass for any time spent at on their post-trip work at Petta's Cambridge OH Facility.[4]

36. During some or all of the last three years, Defendant did not compensate Plaintiff and the putative members of the Supervisor Subclass for all of the time they spent on post-trip work at Petta's Cambridge OH Facility.[5]

37. Defendant failed to pay the Named Plaintiff and the putative 216(b) Class Members for all time spent performing pre-trip and post-trip work for Defendant even though Defendant benefited from the same, and suffered and permitted Named Plaintiff and the putative 216(b) Class Members to perform such work.

38. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's company-wide payroll

---

[4] See Footnote 2.
[5] See Footnote 2

policies and practices. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

39. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### C. Rule 23 Class

40. Named Plaintiff brings his Ohio Minimum Fair Wage Standards Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former technicians or "techs", SSE's , Tier 1-Techs, Tier 2-Techs, supervisors, and any other hourly, non-exempt workers of Defendant working out of Petta's Cambridge OH Facility who primarily performed environmental and oil rig cleaning and related services who during the previous three (3) years worked over 40 hours in any workweek but were not properly paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

41. Plaintiff and the Rule 23 Class Members have suffered damages as a result of nonpayment for some or all of their time spent performing pre-trip and post-work duties as more fully described above.

42. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

43. Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

44. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

45. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

46. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

47. Questions of law and fact are common to the Rule 23 Class.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Law by failing to

pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant's violations of the Ohio Wage Law were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Law; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

52. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the 216(b) Class.

55. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

56. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the 216(b) Class Members.

57. During relevant times, Plaintiff and the 261(b) Class Members were not exempt from receiving FLSA overtime wage benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

58. Named Plaintiff and the 216(b) Class Members were paid on an hourly basis and worked in non-exempt positions.

59. Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

60. Defendant violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

61. Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

62. Defendant knew or should have known of the overtime payment requirements of the FLSA.

63. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

64. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

65. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under Ohio Law.

68. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio Law.

69. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

Collective Action and Class Complaint – *Graybill v. Petta Enterprises, LLC*
Case No. 2:17-cv-418
Page 14 of 19

70. While employed by Defendant, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

71. Defendant's company-wide corporate policy of not paying time and a half for all hours that the Class Plaintiff and Rule 23 Class Members worked over 40 each week due to their failure to fully compensate for all pre-trip and post-trip work performed resulted in unpaid overtime.

72. During times material to this complaint, Plaintiff and the Rule 23 Class Members were not exempt from receiving overtime wages because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

73. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

74. Defendant's repeated and knowing failure to pay overtime wages to Named Plaintiff were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

75. For Defendant's violations of R.C. §4111.03, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

78. During relevant times, Defendant was covered by the OPPA and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

79. The OPPA requires Defendant to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

80. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

81. Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

82. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

85. During all times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

86. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

87. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

88. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**V.     PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members

per week, and because Defendant failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)

Collective Action and Class Complaint – *Graybill v. Petta Enterprises, LLC*
Case No. 2:17-cv-418
Page 18 of 19

**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Peter A. Contreras*
Peter A. Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff Graybill*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman