# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jesse Graybill, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action 2:17-cv-418 |
| | : | Judge Smith |
| Petta Enterprises, LLC, | : | Magistrate Judge Deavers |
| Defendant. | : | |

**<u>DECLARATION OF MATTHEW J.P. COFFMAN</u>**

I, Matthew J.P. Coffman, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1. I am Class Counsel in this action along with Peter Contreras of Contreras Law, LLC. This declaration is made in support of the Plaintiff's Counsel's Unopposed Motion for Final Approval of Rule 23 Class Settlement and for Approval of FLSA Settlement, and in support of the attorney's fees and costs incurred to date in representing Plaintiff in this matter.

2. The background of this Settlement, including the description of the investigation, negotiations, mediation, and the ultimate settlement terms, was presented to the Court in seeking and obtaining preliminary approval. *See* ECF No. 17.

3. In my declaration submitted in support of preliminary approval, I indicated I believe the Settlement is fair, adequate, and reasonable. *See* ECF No. 17-9, ¶18-19.

4. The thirty (30) Participating Members of the Rule 23 and FLSA Class in this action have claimed approximately 41% of the net settlement fund.

5. No Class Members requested exclusion.

6. No Class Member objected.

1

7. The response from the Class Members with respect to the Settlement has been uniformly positive.

### The Class Notice and Claims Process was Successful

8. After obtaining the Court's preliminary approval of the Settlement, the claims administrator Optime Administration, LLC. ("Optime") was directed to issue the Court-approved notices to the Class Members.

9. Optime then mailed the notices to Class Members.

10. No Class Members have objected to the Settlement or its terms.

11. No Class Members have objected to proposed attorney's fees and costs in the Settlement reached.

12. No Class Members have objected to proposed service award to Class Plaintiff in the Settlement reached.

13. Approximately 41% of the money available for distribution to Class Members has been claimed by those Participating Members. Based on literature from claims administration companies, the claims rate achieved in this case is very reasonable for labor and employment cases. *See* Tiffany Allen, Anticipating Claims Filing Rates in Class Action Settlements, Class Action Perspectives (Rust Consulting, Nov. 2008) (in employment settlements, the claims rate "tends to be from 20 to as high as 85 percent.").

14. Accordingly, I respectfully submit that the Class Notice and Claims Process was successful.

### Enhancement Award

15. Class Plaintiff Graybill performed significant services to the Class.

16. Class Plaintiff Graybill went beyond the normal duties of a class representative in assisting and preparing Class Counsel for the case and eventual mediation.

17. Class Plaintiff Graybill assisted Class Counsel with development the facts prior to filing suit and in filing suit, contacting witnesses for interviews, holding numerous conferences with Class Counsel as questions and/or issues arose, providing and reviewing relevant documents, and preparing for settlement discussions and mediation.

18. Importantly, no Class Member objected to the enhancement award.

19. Class Plaintiff Graybill has no material conflict with any Class Members.

20. In light of his efforts resulting in a settlement on behalf of the Rule 23/FLSA Class Members, and the significant risk to his reputation and future employment, it is my opinion that this modest enhancement award provided in the Settlement is appropriate and reasonable.

### Attorney's Fees, Expenses, & Costs

21. Class Counsel took this case on a contingency basis only. We have not been compensated for any time or expenses since the litigation began, but we were prepared to invest our time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind.

22. Class Counsel devoted a significant amount of time in developing this case to successfully negotiate the Settlement Agreement reached between the parties.

23. Class Counsel vigorously represented Plaintiff and the Class Members in this action, including significant investigation of the claims at issue, and I obtained a thorough familiarity with the factual and legal issues presented in this case.

24. These efforts included meeting with and conferring with Plaintiff repeatedly throughout the prosecution of this case about the nature of the claims and the available documentation to support the same.

25. Class Counsel prepared and filed a motion seeking conditional certification of the FLSA class so other employees who are similarly situated to Plaintiff could receive notice of this action and join the suit if they desired.

26. Class Counsel also engaged in informal discovery with Defendant and received documentation relating to Plaintiff's and Class Members' employment with Defendant over the relevant years.

27. Class Counsel reviewed documentation that related to Plaintiff's and the Class Members' claims for unpaid overtime wages in order to assess the same.

28. Such analysis allowed Class Counsel to properly evaluate Plaintiff's and Class Members' claims, to determine approximate damages calculations, and ultimately to negotiate an early resolution after extensive negotiations.

29. The Parties reached the proposed settlement in this matter after good faith bargaining during an all-day mediation with Mediator Frank Ray.

30. It is my firm's practice to maintain detailed and contemporaneous records of all billable case work I perform, which have been provided to the Court for review and consideration.

31. At all times during the pendency of this matter, my hourly rate has been $350. This rate is within the reasonable rates charged by other law firms in this area for comparable experience and expertise.

32. Class Counsel has further filed their Motion for an Award of Attorney's Fees and Reimbursements of Costs wherein it was demonstrated that the requested award and costs reimbursement is reasonable.

33. It is also my opinion that the agreed upon fees, expenses, and costs are appropriate and reasonable for a case of this size, complexity, and duration.

### Experienced Counsel Recommend Final Approval of this Settlement

34. I am an Attorney / Managing Member at the law firm of Coffman Legal, LLC, ("Coffman Legal, LLC" or the "Firm"), one of the two (2) law firms representing the Plaintiff in the above-captioned matter of litigation and serving as Class Counsel.

35. My practice is devoted almost exclusively to employment litigation, including representing employees in FLSA class and collective action lawsuits.

36. I litigate a variety of FLSA claims, including employee misclassification, regular rate miscalculation, off-the-clock work, preparatory and concluding work, on-duty meal periods, and waiting and travel time.

37. From Class Counsel's experience litigating this case and numerous other wage and hour actions, we believe that the proposed Settlement Agreement is in the best interests of Plaintiff and putative class members and is a fair, adequate and reasonable compromise of disputed claims.

**I HEREBY DECLARE, UNDER PENALTY OF PERJURY AND PURSUANT TO 28 U.S.C. § 1746, THAT THE ABOVE FACTS ARE TRUE AND CORRECT.**

_9/4/18_
Date

_/s/ Matthew J.P. Coffman_
Matthew J.P. Coffman