IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSE GRAYBILL,

      **Plaintiff,**

                                          Case No. 2:17-cv-418
                                          Judge George C. Smith
      v.                                     Magistrate Judge Elizabeth P. Deavers

**PETTA ENTERPRISES, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter was referred to the Undersigned, pursuant to 28 U.S.C. § 636(b), to conduct a fairness hearing and to issue a report and recommendation. (ECF No. 19 at 3.) In connection with the fairness hearing, Plaintiff Jesse Graybill ("Representative Plaintiff") has filed an Unopposed Motion for Final Approval (ECF No. 22) ("Motion for Final Approval") and Representative Plaintiff's counsel has filed a motion for attorneys' fees and reimbursement of costs as well as a supplement to that request. (ECF Nos. 18, 21.) For the reasons that follow, it is **RECOMMENDED** that these motions be **GRANTED**.

## I.

This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and a class action under Rule 23 of the Federal Rules of Civil Procedure, in which Representative Plaintiff alleges Defendant Petta Enterprises, LLC ("Defendant"), a for-profit liability company that provides environmental and oil rig cleaning services for its oil and gas industry customers, failed to compensate individuals working as field supervisors or technicians with overtime pay in violation of the FLSA, the Ohio Minimum Fair Wage Standards Act

("OMFWSA"), Ohio Rev. Code Ch. § 4111, the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ch. § 4113.15, and the Ohio Constitution, Article II § 34(a). (ECF No. 1.) Specifically, Plaintiff alleges that Defendants' field supervisors and technicians spent off-the-clock time before and after their shifts preparing the trucks for service and breaking them down at the end of the shift. (*See generally id.*) Defendant denies that any such violations occurred, taking the position that field supervisors were sufficiently paid for pre-shift and post-shift work and that technicians were not required to perform any pre-shift or post-shift work. (ECF Nos. 2, 10.)

After the case was filed, the parties engaged in informal discovery and private mediation. (ECF Nos. 11, 12.) Thereafter, the parties reached a settlement and Representative Plaintiff moved, unopposed, for the Court to preliminarily approve settlement of the Section 216(b) and Rule 23 class action claims. (ECF No. 17.) On April 25, 2018, the Court granted Representative Plaintiff's unopposed motion and preliminarily approved the parties' settlement and preliminarily certified the following settlement class and collective action pursuant to Rule 23 and Section 216 of the FLSA: all individuals who work or worked for Defendant at any time from May 16, 2015, through April 25, 2018, as non-exempt and/or hourly employees and performed work as a field supervisor or technician ("the Settlement Class"). (ECF No. 19 at 2–3.) Pursuant to the parties' agreement (ECF No. 17-1 ("the Settlement Agreement")), Defendant would make funds available for settlement in the gross amount of $97,500, with $38,955 of that total available amount to be used for attorneys' fees to class counsel; $2,099.12, to be used for costs expended by class counsel; and $5,500 of that to be paid as a service award to Representative Plaintiff. (*Id.* at ¶¶ 38, 41.)

The Court appointed Coffman Legal, LLC and Contreras Law, LLC as class counsel ("Class Counsel") for purposes of the settlement and approved Jesse Graybill as Representative

Plaintiff. (ECF No. 19 at 3.) The Court further approved Optime Administration, LLC as claims administrator ("Optime" or "Claims Administrator") for the purpose of the settlement, authorized notice to be sent to potential Plaintiffs, and approved the proposed procedure for opting out of the class. (*Id*. at 4–6.) The Court also referred this matter to the Undersigned to conduct a fairness hearing and to issue a report and recommendation. (*Id*. at 3–4.)

Consistent with Paragraph 53(c), (e) of the Settlement Agreement, the Claims Administrator provided notice to the Settlement Class. (Affidavit of Scott Simpson of Optime Administration, LLC, ECF No. 22-3, ¶¶ 4–5 ("Optime's Affidavit").). The 60-day notice period began on May 21, 2018, when the Claims Administrator mailed out the notices. (*Id*. at ¶ 4; Settlement Agreement, ¶ 53.) The Claims Administrator received no objections (Optime's Affidavit, ¶ 6) and no objections were filed with the Court.

Representative Plaintiff has filed an Unopposed Motion for Final Approval (ECF No. 22) and his counsel has filed an Unopposed Motion for Attorneys' Fees and Reimbursement of Costs as well as a supplement to that request. (ECF Nos. 18, 21.) On September 18, 2018, the Undersigned conducted a fairness hearing. (ECF Nos. 19, 26.) Counsel for both parties appeared and the Representative Plaintiff appeared in person. No appearance was made by or on behalf of any objector. Following the fairness hearing, Class Counsel submitted additional information regarding the settlement distribution. (ECF No. 27.) This matter is now ripe for the Undersigned's consideration.

## II.

**A.      Class Certification**

"To merit certification, a putative class must satisfy the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequate representation—plus fit within one of

the three types of classes listed in Rule 23(b)." *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). "A district court has broad discretion to decide whether to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prod. Liability Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

As set forth above, the Settlement Class consists of all individuals who work or worked for Defendant at any time from May 16, 2015, through April 25, 2018, as non-exempt and/or hourly employees and performed work as a field supervisor or technician. (ECF No. 19 at 2–3.) The Claims Administrator issued notice and claims forms by first-class mail to the 251 members of the Settlement Class on May 21, 2018. (Optime's Affidavit, ¶ 4.) Of the 251 Settlement Class members, 18 notices were returned and updated addresses for these were located and the notice packet was resent. (*Id*. at ¶ 5.) The Claims Administrator received an additional 25 notices that were returned that updated addresses could not be found through public records. (*Id*.) During the notice period, the Claims Administrator has received 30 claims (in addition to Representative Plaintiff's claim) from the Settlement Class members and no objections. (*Id*. at ¶ 6.)

As to numerosity, Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all member is impracticable[.]" Fed. R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Here, the Settlement Class consists of 251 members. The Undersigned finds that the numerosity requirement has been met.

In considering the commonality, typicality, and adequacy of representation requirements under Rule 23(a)(2)–(4), courts consider whether there are questions of fact or law common to the class, whether a named plaintiff's claim arises from the same event or course of conduct and

is based on the same legal theory, and whether a named plaintiff has common interests with the class and will vigorously pursue the interests of the class through qualified counsel. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997); *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083. Here, Representative Plaintiff worked as both a field supervisor and technician and engaged in pre-shift and post-shift work in both of those capacities during the relevant time period. (*See generally* ECF No. 1.) The Representative Plaintiff asserts the same claims as may be asserted by the absent Settlement Class members, which are based on the same allegations that Defendant failed to pay them for time worked during pre-shift and post-shift periods. In addition, as set forth below, Class Counsel has extensive experience in employment matters and counsel, like the Representative Plaintiff, has the ability to vigorously pursue the claims of the Settlement Class. Based on this record, there is no evidence of a conflict of interest between the Representative Plaintiff and the Settlement Class. For these reasons, the Undersigned concludes that the remaining requirements of Rule 23(a) have been met.

The Representative Plaintiff seeks class certification under Rule 23(b)(3) (*see* ECF No. 1 at ¶ 50; ECF No. 17 at 12; ECF No. 22), which authorizes a class action if the court finds that questions of law or fact common to the class predominate and that a class action is superior to other methods of adjudication. Rule 23(b)(3) requires a showing that questions common to the class predominate. *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016). To satisfy this requirement, "'a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.'" *Id*. at 1124–25 (quoting *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 564 (6th Cir. 2007)). "The predominance

requirement is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001) (internal quotation marks and citation omitted). "'Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device.'" *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012) (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980)).

Here, for the reasons discussed in connection with Rule 23(a), the Undersigned finds that the predominance prong of Rule 23(b)(3) has been met. In addition, the Undersigned notes that, depending on his or her length of service and number of shifts worked as a technician or supervisor for Defendant, each class member may recover forty dollars to two thousand dollars should he or she prevail in an individual lawsuit. (*See* ECF No. 27-1.) Based on this record, a class action is the superior method for adjudicating these claims. The Undersigned therefore concludes that certification of a class under Rule 23(b)(3) is proper.

Any class certified under Rule 23(b)(3) must satisfy the notice requirements under Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). Rule 23(e) requires that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval" and must be preceded by notice to class members. Fed. R. Civ. P. 23(e). Under Rule 23(c)(2), notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

Here, the subject notice "explained its purpose, discussed the nature of the pending suit and proposed class and accurately summarized the [] settlement agreement." *Int'l Union, United*

*Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007); *see also* Notice, ECF No. 17-3. Stated differently, the notice "'fairly apprise[d] the prospective members of the class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.*, 497 F.3d at 630 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). Moreover, the Claims Administrator has explained how all class action notices were delivered via first-class mail. (Optime Affidavit, ¶ 4.) Notably, no objections have been filed and no one appeared to object at the fairness hearing. Based on this record, the Undersigned finds that the notice was sufficient.

**B.      FLSA Claims**

The Settlement Agreement seeks to settle the FLSA collective action claims. (*See* Settlement Agreement, ¶ 13.) "Where there is a bona fide dispute under the FLSA, a district court may be satisfied that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Kritzer v. Safelite Sol., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). As discussed above, Representative Plaintiff alleges that Defendant had a practice of failing to pay its field supervisors and technicians for pre-shift and post-shift work performed. Defendant, conversely, disputes its liability and submitted declarations in support of its position. (ECF Nos. 2, 10.) This record, as well as the lack of evidence of fraud or collusion in reaching the settlement in this case discussed below, satisfies the Undersigned that there exists a bona fide dispute and that the Settlement Agreement does not attempt to negotiate around the FLSA requirements of compensation for all hours worked.

C.  **Fairness of the Proposed Settlement**

Pursuant to the terms of the Settlement Agreement, Defendant would make funds available for settlement in the gross amount of $97,500, with $38,955 of that total available amount to be used for attorneys' fees to class counsel; $2,099.12, to be used for costs expended by class counsel; and $5,500 of that to be paid as a service award to Representative Plaintiff. (*Id.* at ¶¶ 38, 41.) After these deductions from the funds available for settlement, the net settlement fund available for distribution is $50,945.88. (*Id.*) The amount of the 30 Settlement Class members' claims totals $20,743.76 (ECF No. 27-1), which represents approximately 41% of the net settlement fund. (*Id.*; Optime Affidavit, ¶ 6.)[1]

The Representative Plaintiff asks the Court to grant final approval to the Settlement Agreement pursuant to Rule 23(e), which governs settlements of class actions and imposes the following procedural safeguards:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

---

[1] The costs of administration and distribution of the funds to the Settlement Class, $8.332.50, were paid from Defendant's separate funds and not from the funds available for settlement. (Settlement Agreement, ¶ 41(c); ECF No. 24.)

The terms of settlement were previously submitted to the Court, which preliminarily approved those terms. (ECF No. 19.) As described above, notice provided to the Settlement Class was effected in conformity with the directions of the Court and were provided the opportunity to object. The Undersigned conducted a fairness hearing pursuant to Rule 23(e) on September 18, 2018, and must therefore now consider whether the Settlement Agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Courts consider the following factors when making this determination:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 244 (6th Cir. 2011) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (internal quotation marks omitted)). Courts enjoy broad discretion when assessing these factors. *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992).

### 1. Risk of fraud or collusion

The proposed settlement was reached only after significant investigation of the claims at issue (Coffman Declaration, ECF No. 22-1, ¶¶ 22–23; Contreras Declaration, ECF No. 22-2, ¶¶ 23–24); the filing of a motion for conditional certification (ECF No. 5) and related briefing (ECF No. 10); and a full-day mediation with an outside, experienced mediator. (Coffman Declaration, ECF No. 22-1, ¶ 29; Contreras Declaration, ECF No. 22-2, ¶ 30.) The Court also notes that no objections were filed and no members appeared at the fairness hearing to object to the proposed settlement. Based on this record, the Undersigned has not found any evidence that the settlement was result of fraud or collusion and presumes that the settlement is the result of arms-length negotiations. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006) ("Courts

presume the absence of fraud or collusion unless there is evidence to the contrary."); *see also Brent v. Midland Funding, LLC*, No. 3:11-cv-1332, 2011 WL 3862363, *15 (N.D. Ohio Sept. 1, 2011) ("'[T]he courts respect the integrity of counsel and presume the absence of fraud and collusion in negotiating the settlement, unless evidence to the contrary is offered.'" (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.51 (4th ed. 2002))). This factor weighs in favor of approving the Settlement Agreement.

### 2. Complexity, expense, and likely duration of the litigation

"Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D. N.Y. 2000)). Here, the parties have been litigating in this Court for over a year. If the action is not settled now, additional discovery remains and Class Counsel represents that summary judgment motions would be filed. (ECF No. 22 at 4.) If not resolved at the dispositive motion stage, trial preparation and pre-trial motions further extend the expense and duration of the action. (*Id*.) In light of the complexity of the facts, claims, and defenses raised in this case, the parties have incentive to appeal an adverse decision, further protracting this litigation. For these reasons, the Undersigned finds that this factor weighs in favor of approving the Settlement Agreement.

### 3. The amount of discovery engaged in by the parties

Courts must consider the amount of discovery engaged in by the parties to confirm that the plaintiffs "have had access to sufficient information to evaluate their case and to assess the adequacy of the proposed [s]ettlement[.]" *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006). "[T]he absence of formal discovery is not unusual or problematic, so long

as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *UAW v. Gen'l Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151, at *19 (E.D. Mich. Mar. 31, 2006).

Here, while the parties did not engage in formal discovery, they conducted informal discovery, including exchanging signification information about the putative class. As defense counsel explained at the fairness hearing, this action involved off-the-clock work allegations, which required identifying potential class members and shifts worked by these individuals. Because Defendant did not maintain electronic records, locating physical records (approximately seven to eight bankers boxes), digitizing these records, and entering the information into a spreadsheet was a time-consuming and arduous process. Based on this record, this factor supports approval of the Settlement Agreement.

### 4. The likelihood of success on the merits

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Dev. Co.*, 636 F.3d at 245 (quoting *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984) (internal quotation marks omitted)). Here, Plaintiff alleges that Defendant violated the FLSA, the OMFWSA, the OPPA, and the Ohio Constitution, Article II § 34(a) by failing to pay its field supervisors and technicians for pre-shift and post-shift work performed. While the Court has not yet considered the merits of these claims, the likelihood of success on the merits is not certain. Attorney Peter Contreras stated at the fairness hearing that he believed Plaintiff had a likelihood of success on the merits. However, Attorney Contreras further recognized that Defendant has raised several defenses and that there exists a risk in this litigation, particularly where Defendant

has submitted affidavits in opposing the motion for conditional certification that technicians were not required to perform work prior to their shift and that field supervisors were paid for a half-hour of work, which allegedly is sufficient to cover any pre-shift and post-shift work. (*See* ECF No. 10.) Considering the uncertainty of success on the merits, this factor weighs in favor of approving the proposed Settlement Agreement.

     **5.     The opinions of class counsel and class representatives**

Class Counsel is skilled in employment litigation and believes that settlement is preferable to litigation. (Coffman Declaration, ECF No. 22-1, ¶¶ 34–37; Contreras Declaration, ECF No. 22-2, ¶¶ 35–38.) Defense counsel similarly agreed at the fairness hearing that the settlement is fair and outweighs the risks of future litigation. The Court gives deference to their experienced opinion that the Settlement Agreement should be approved. *See Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs. . . . [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered."); *Kritzer*, 2012 WL 1945144, at *7 ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.").

Representative Plaintiff has not submitted any declaration or affidavit attesting to his approval of the proposed Settlement Agreement and the Motion for Final Approval is silent as to his approval. (*See* ECF No. 22.) However, Representative Plaintiff stated at the fairness hearing that he approved of the settlement. The Undersigned finds that this factor weighs in favor of approval of the Settlement Agreement.

### 6. The reaction of absent class members

The Court must also consider the reaction of the absent class members. *Poplar Creek*, 636 F.3d at 244. Here, the Claims Administrator sent 251 notices by first-class mail and re-sent 18 notice packages to those whose notices were originally returned and updated addresses were located. (Optime Affidavit, ¶¶ 4–5.) Thirty individuals, excluding Representative Plaintiff, submitted claims forms, which comprise approximately 41% of the net settlement fund. (*Id.* at ¶ 6.) No objections were filed and no class members appeared at the fairness hearing to object. Based on this record, this factor favors approval of the Settlement Agreement.

### 7. The public interest

"If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *West v. Emeritus Corp.*, No. 3:15-cv-437, 2017 WL 2880394, at *2 (M.D. Tenn. July 5, 2017) (quoting *Crawford v. Lexington–Fayette Urban Cty. Gov't*, No. 06–299–JBC, 2008 WL 4724499, *9 (E.D. Ky. Oct. 23, 2008)); *see also In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 997 (N.D. Ohio Jan. 27, 2016) ("Resolution of disputes through settlement rather than trial is normally in the public interest, as settlement serves to conserve scarce judicial resources.") Here, the public has an interest in ending "'potentially long and protracted litigation.'" *Castillo v. Morales, Inc*., No. 2:12-CV-650, 2015 WL 13021899, at *5 (S.D. Ohio Dec. 22, 2015) (quoting *Kritzer*, 2012 WL 1945144, at *8). Moreover, settlement of this kind of action provides relief for individuals who may not be able to bring these claims on their own. This factor therefore favors approval of the settlement.

In short, the Undersigned, having considered all of the relevant factors, finds that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2).

# III.

**A.     Attorneys' Fees**

Class Counsel has filed an unopposed request for an award of attorneys' fees in the amount of $38,955. (ECF No. 18.) "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); *see also Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (identifying factors for the trial court's consideration when determining a reasonable fee).  In evaluating whether the amount of the award is reasonable, this Court has considered the following factors:

> (1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved.

*Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (citation and internal quotation marks omitted); *see also Ramey*, 508 F.2d at 1196 (same).

In this case, the Settlement Agreement provides that Class Counsel may seek reimbursement for attorneys' fees in the amount of $38,955 from the funds available for settlement. (Settlement Agreement, ¶ 41(b).) The Undersigned has reviewed Plaintiffs' counsel's unopposed motion[2] as well as the supporting documentation (ECF Nos. 18, 21) and is

---

[2] Defense counsel also stated at the fairness hearing that Defendant does not oppose Class Counsel's request for fees.

satisfied that the requested fee award in this case is fair and reasonable in light of the above factors.

Turning to the first consideration, the value of the benefit rendered to the class weighs in favor of finding the fee request reasonable because the individuals who submitted a claim form will receive a proportional share of the net settlement fund for their unpaid wages based on the number of shifts each individual worked during the relevant time period. (Settlement Agreement, ¶ 45; ECF No. 27.)

Society's stake in rewarding attorneys who produce such benefits also supports the reasonableness of the fee request where, but for the work of Class Counsel in this case, the work of this class would go undervalued.

In addition, Class Counsel agreed to take this case on a contingency basis (Coffman Declaration, ECF No. 18-1, ¶ 9; Contreras Declaration, ECF No. 18-2, ¶ 8), assuming real risk with no guarantee of recovery, which weighs in favor of finding the fee request reasonable. *See Feiertag*, 2016 WL 4721208, at *7.

The Undersigned next considers the value of the services on an hourly basis. Plaintiffs' counsel expended over 126 hours, resulting in fees for a combined total of $44,415. (ECF No. 18 at 11; Coffman Declaration, ECF No. 18-1, ¶¶ 22, 24; Contreras Declaration, ECF No. 18-2, ¶¶ 21, 23; ECF No. 21 (detailed billing records).) Performing a cross-check of these fees, this amount is less than the lodestar. (ECF No. 18 at 9–14.) The record reflects that Attorneys Coffman and Contreras are experienced in employment litigation and the Undersigned finds that their hourly rates are reasonable. (Coffman Declaration, ECF No. 18-1; Contreras Declaration, ECF No. 18-2.) This factor suggests the fee request is reasonable.

15

Next, the complexity of the litigation militates in favor of granting the requested fee award. This is a complex FLSA putative class action in which the parties disputed whether Defendant's field supervisors and technicians were entitled to wages for pre-shift and post-shift work. Defendant has advanced defenses and this action was filed over a year ago. The Settlement Agreement represents a global settlement of all Rule 23 class claims and FLSA claims. This factor weighs in favor of finding the fee request reasonable. *Feiertag*, 2016 WL 4721208, at *7.

Finally, Class Counsel are highly skilled in employment law and the hours expended and time records underscore their efficient handling of this matter, favoring approval. (Coffman Declaration, ECF No. 18-1; Contreras Declaration, ECF No. 18-2; ECF No. 21.)

For all of these reasons, the Undersigned concludes that these factors favor approval of the fee award of $38,955 to Plaintiffs' counsel.

### B. Out-of-Pocket Costs

The Settlement Agreement authorizes Class Counsel to seek reimbursement of reasonable costs not to exceed $2,099.12. (Settlement Agreement, ¶ 41(b).) Attorney Contreras has submitted documentation reflecting costs in the amount of $50 for parking and meals on the day of the mediation. (ECF No. 21-1 at PAGEID # 308.) Attorney Matthew Coffman has submitted documentation reflecting $2,049.12 in costs, including filing fee ($400), postage ($1.84), parking ($10), and Plaintiff's portion of the mediator's bill ($1,637.28). (ECF No. 21-2 at PAGEID ## 311, 313.) The Undersigned finds that these expenses were necessary to litigate and settle this action.[3] *Cf. Feiertag*, 2016 WL 4721208, at *8.

---

[3] The better—and more helpful—course in the future is to specifically itemize these costs for the Court when requesting approval for reimbursement.

C.  **Service Award**

The Settlement Agreement provides for a service award, or enhancement payment, in the amount of $5,500 to Representative Plaintiff in addition to the recovery of unpaid work for the time he worked as a technician and supervisor for Defendant. (Settlement Agreement ¶ 41(a).) Service "awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (reviewing such awards under an abuse of discretion standard). Notably, "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08–cv–1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (internal quotation marks and citations omitted).

Here, Class Counsel avers that Representative Plaintiff performed significant services to the Settlement Class, including, *inter alia*, assisting Class Counsel with the development of facts prior to filing this action, contacting witnesses for interviews, participating in multiple conferences with Class Counsel, providing and reviewing relevant documents, and preparing for settlement discussions and mediation. (Coffman Declaration, ECF No. 22-1, ¶¶ 16–20; Contreras Declaration, ECF No. 22-2, ¶¶ 16–21.) In light of this service, the Court approves the service award in the amount of $5,500 to Representative Plaintiff.

**IV.**

For all of these reasons, the Undersigned finds that Plaintiff has met his burden of showing that the prerequisites for the certification of a class action pursuant to Rule 23(a) and Rule 23(b)(3) have been satisfied in this case, that the Settlement Agreement is fair, reasonable,

and adequate, and that Class Counsel's requested award of fees and expenses is fair and reasonable. Accordingly, it is **RECOMMENDED** that

(1) because the proposed settlement of the action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class, that Plaintiff's Unopposed Motion for Final Approval (ECF No. 22) be **GRANTED** and that the Settlement Agreement be finally approved by the Court;

(2) the FLSA claims be finally certified pursuant to 29 U.S.C. § 216(b), and that the following Settlement Class be finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All individuals who work or worked for Defendant at any time from May 16, 2015, through April 25, 2018, as non-exempt and/or hourly employees and performed work as a field supervisor or technician;

(3) the action be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(4) the Settlement Class, the Representative Plaintiff, and Defendant be bound by the release as set forth in the Settlement Agreement; and

(5) Class Counsel's Unopposed Motion for Fees and Costs (ECF No. 18) be **GRANTED** and that Class Counsel be awarded reasonable attorneys' fees in the amount of $38,955, and reimbursement of expenses in the amount of $2,099.12, for a total combined amount of $41,054.12; and that Representative Plaintiff be awarded a service award in the amount of $5,500, in addition to recovery for unpaid time expended on pre-shift and post-shift work.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: September 25, 2018   /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE